MOTION AND SUPPLEMENTAL MOTION TO HAVE THE RECORD CORRECTED.
REID, Judge.
The appellant, David Lamar Dixon, has filed a motion and subsequently a supplemental and amended motion to correct and amend the record in this matter so as to conform with actual voice testimony and shorthand record made.
*24 We granted an order for both parties to show cause by briefs on or before the 19th day of January, 1968, as to why the motion should or should not be granted.
Both parties filed briefs and the matter is now before us for determination.
The Honorable Thomas B. Pugh, Judge of the Family Court of East Baton Rouge Parish, filed a letter in the record stating that there was never any shorthand transcript requested by the Clerk of that Court and that none was made. Part of the testimony heard by his predecessor upon this Bench, the Honorable C. Lenton Sartain, and made a part of this record was reported by another Clerk and had to be transcribed by the present Clerk of Court from another person’s shorthand. However, no complaints were made as to this portion of testimony. The transcript available to the Clerk of this Court upon the trial of this case on March 27 and April 3, 1967 respectively was an electronic recording on a Gray Audograph machine. Judge Pugh further stated that the Clerk of Court did her very best to type from the electronic recording of the transcript of testimony referred to in the motion filed by counsel for appellant. He emphatically denied making one statement which is sought to be corrected, which will be discussed hereafter.
Pretermitting the question of who is to pass on the correctness of this testimony, the lawyer’s version, or the recorded version made by the Clerk from the audograph recording we have studied the several examples set forth in the motion and supplemental motion and find that the errors complained of are unimportant, inconsequential and would have no bearing upon this case. In general comparing the two versions, the one shown in the record and the other which is claimed by the appellant to be the correct version shows that the recorded version gives in substance the sense of what was testified to. There may be a word different, there may be a phrase different, but the meaning is clear.
Several of the examples set forth in the two motions are herein copied to show the unimportance and inconsequential nature of this testimony:
“C. On page 186 of Volume I of the written transcript in the March 27, 1967 and April 3, 1967 trial the following language is found:
“Q: How many beers would you have in the time you would be there?
“A: I can’t drink more than about seven.”
“When in fact and truth following this answer the following was left out.
“The Court: How many beers did you say you could drink?
“A: Seven.”
“D: On page 357 and page 358 of Volume II of the transcript of March and April, 1967 trials the following language is found:
“Q: Could you tell us what took place during these little — ”
“A: We would just sit around and play records, drink beer, maybe play penny ante poker. That’s all. And on one occasion — ”
“When in fact and truth what was testified to and what was actually said and what should appear in the transcript is the following language:
“A. We would just sit around and play records, drink beer, maybe play penne ante poker. That’s all. On one occasion — helped the Averette’s make ‘home brew’ * *

“Seventeen

“17. On page 315 of the written transcript the following wording is found:
“MR. UTER: It was something more than a bad cold.”
*25 “THE COURT: Gentlemen! Gentlemen! Go ahead and ask your questions.”
but this should read as follows for it to be correct and so as to reflect what was actually said:
“THE COURT: Gentlemen! Gentlemen! Goodness, Christmas !”
The Trial Judge of the Family Court emphatically denied making the statement which is sought to be corrected to read as follows: “Gentlemen! Gentlemen! Goodness, Christmas!”
These are just three sort of examples of the errors complained of by the appellant in the transcript of the testimony. We deem these errors to be unimportant, inconsequential and have no bearing on the main issues herein.
However, appellant does complain that the attached record of payment produced by Louisiana Hospital Services, Incorporated, regarding the time of admission, the medical expenses incurred for the medical treatment and who paid for the same for the minor Deanne Dixon was inadvertently not included in the medical records filed in this case, and same should be annexed to and made a part of said rea rd.
Assuming that this document was offered in evidence it belongs in the record and should be filed herein.
For the foregoing reasons it is ordered that the motion and supplemental motion to have the record correct be and the same is hereby overruled with the exception that the statement of the hospital above referred to is hereby ordered to be filed in the original record herein. It is further ordered that the cost of this motion be borne by the appellant.
Motion and supplemental motion to have record corrected is overruled.